FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

'97 SEP 18 PM 3:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

MARIA CARUSO,

Plaintiff

vs.

CONSOLIDATED PRINTING COMPANY, INC., d/b/a THE ANNISTON STAR and JAMES FINLEY,

Defendants

CIVIL ACTION NO.

CV-95-AR-3243-E

ENTERED
SEP 18 1997



**MEMORANDUM OPINION**

The court has before it the motion of plaintiff Maria Caruso ("Caruso"): 1) to vacate the June 27, 1997 order dismissing the action as against Consolidated Publishing Company, Inc., and 2) to restyle the defendant as "Consolidated Publishing Company, Inc. doing business as The Anniston Star." ("Anniston Star"). As might be expected, Anniston Star seeks reaffirmation of the June 27, 1997 dismissal of Consolidated. It also seeks dismissal of the action as against Anniston Star. For the reasons set out below, an order is contemporaneously being entered granting Caruso's motion and denying Anniston Star's motion.

**Background**

Caruso alleged in her original complaint that defendants Anniston Star and James Finley discriminated and retaliated

against her on the basis of her sex, in violation of Title VII. 42 U.S.C.A. § 2000e, et seq. (1994). She also appends state law claims for assault and battery, outrage and invasion of privacy.

Caruso filed her complaint on December 18, 1995. The complaint was filed within 90 days after the Equal Employment Opportunity Commission ("EEOC") issued Caruso a right to sue letter. On December 22, 1995, Caruso amended her complaint and on January 18, 1996, the court received a Waiver of Service of Summons form signed by defendants' counsel indicating she was the attorney for "The Anniston Star." In response to Caruso's complaint, Anniston Star admitted it is an "entity subject to suit under Title VII...."[1] Earlier, in response to Caruso's EEOC charge, Anniston Star had given the "correct name and address of the facility" as "The Anniston Star" and described its organizational structure by indicating that Anniston Star is a "corporation."

On February 20, 1997, along with is answer, Anniston Star also filed a motion to dismiss for improper venue. In that

---

[1] In paragraph four of Caruso's complaint, she alleges: "The Defendant, Anniston Star, is an entity subject to suit under Title VII...." In response, Anniston Stár "admit[ed] the allegations contained in Paragraph No. 4 of the compliant; however, [it] den[ied] any violations of Title VII...."

motion it described the Anniston Star as the name of a publication owned and operated by The Consolidated Publishing Company, Inc. ("Consolidated"). Anniston Star did not initially raise any defense based on what it now calls its status as a "non legal" or "non-suable entity." On February 28, 1996, less than 120 days after Caruso filed her original complaint, she moved to amend her complaint for the purpose of adding Consolidated as a defendant. After this court granted that motion, on March, 1, 1997, the parties proceeded with discovery by filing a Rule 26(f) planning meeting report, taking depositions and answering interrogatories. During discovery, Anniston Star signed its response to Caruso's first set of interrogatories in the name of "Consolidated Publishing Company, Inc. D/B/A 'The Anniston Star.'"

On June 27, 1997, over one year after Caruso's final amended pleading pursuant to the Rule 16 scheduling order, Consolidated was dismissed as a defendant, without prejudice, pursuant to Federal Rule of Civil Procedure Rule 4(m) for failure to accomplish timely service of process. Caruso's motion to vacate this June 27 dismissal, as well as Anniston Star's motion to reaffirm the dismissal of Consolidated and to dismiss as against the non-entity, Anniston Star, are presently before the court. Anniston Star maintains the dismissal against Consolidated

necessitates dismissal of the law suit entirely because Anniston Star is not a legal entity against whom Caruso can maintain a lawsuit.

In reviewing the dismissal of Consolidated, this court must first determine whether Caruso's amended complaint adding Consolidated related back to the first date of her original complaint. Next, the court must decide whether failure to serve the corporation directly, rather than through its trade name, "The Anniston Star," was fatal. For the reasons discussed below, this court holds that the amendment naming Consolidated relates back to the date of Caruso's original complaint and that her failure to serve Consolidated directly was not fatal.

**Discussion**

**I. The Statute of Limitations**

This court first notes that Caruso satisfied the Title VII statute of limitations when she filed her original complaint. See Pardazi v. Cullman Medical Center, 896 F.2d 1313, 1316 (11th Cir. 1990). The statute of limitations provision in Title VII requires that the aggrieved party's civil action be "brought" within ninety days after receiving a right to sue letter from the

EEOC. Id. at 1315 - 16 (citing 42 U.S.C. § 2000e-5(f)(1) (1982)). "Bringing" an action for purposes of Title VII means "commencing" an action pursuant to Federal Rule of Civil Procedure 3, which specifies that "[a] civil action is commenced by filing a compliant with the court." F.R.Civ.P. 3; Pardazi, 896 F.2d at 1315 (citations omitted). Because Rule 3 does not require service of process to commence an action, service of process is not required to "bring" an action under Title VII. Id. Caruso brought her action within 90 days after the EEOC issued a right to sue letter. Consequently, she filed her complaint in a timely manner.

**II. Relation Back**

While Caruso "brought" her complaint within the requisite time period, only a complaint naming a suable legal entity tolls the statute of limitations. See Montalvo v. Tower Life Building, 426 F.2d 1135, 1146 (5th Cir. 1970).[2] The parties disagree over whether Anniston Star, the only defendant named in the original complaint, is a suable entity. Yet the analysis, in this case, does not turn upon whether Anniston Star is, or is not, a legal suable entity. Instead, this court must determine

[2] The Eleventh Circuit has adopted as precedent all Fifth Circuit Court of Appeals cases decided prior to October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).

whether Caruso's amendment of her complaint naming Consolidated, an undisputed suable entity, satisfies the relation back provision found in Federal Rule of Civil Procedure 15(c)(3). If the amendment, which occurred more than 90 days after issuance of the right to sue letter, satisfies 15(c)(3) then it relates back to the date of her original complaint thereby also satisfying Title VII's statute of limitations.

Rule 15(c)(3) provides that a party's amended complaint relates back to the date of the original compliant if three conditions are satisfied.[3] First the amendment must simply serve to correct the misidentification of an already named defendant; Rule 15(c)(3) is not applicable where the plaintiff seeks to add an entirely new defendant. Miles v. Whaley, 155 F.R.D. 684, 686

---

[3] Rule 15 provides, in relevant part, that: "An amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."

(M.D. Ala. 1994); Jacobson v. McIlwain, 145 F.R.D. 595, 603 (S.D. Fla. 1992) (citing numerous cases). Next, the amendment relates back if the claim asserted in the amended pleading arises out of the same "conduct, transaction, or occurrence" set forth in the original pleading. Finally, the amendment relates back if the party identified in the amendment receives timely notice of the law suit. Timely notice means that, within 120 days after plaintiff files her original complaint, the party identified in the amendment:

> (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the [newly identified] party.

F.R.Civ.P. 15(c)(3); Hill v. United States Postal Service, 961 F.2d 153, 155 (11th Cir. 1992).

These three criteria are satisfied in the present case. Caruso's amendment correctly named Consolidated, owner and operator of the already named Anniston Star newspaper. Thus, the amendment did nothing more than correct the misidentification of the named defendant. Next, Caruso's amended complaint was based upon the same "conduct, transaction, or occurrence," set forth in her original complaint: employment discrimination that allegedly

occurred during her employment at the Anniston Star. Consequently, her amendment satisfies the second prong of Rule 15(c)(3).

Finally, Caruso satisfied the Rule 15(c)(3) notice requirement. In Anniston Star's motion to dismiss for improper venue, filed simultaneously with its answer, it admitted that it is fully owned and operated by Consolidated. It is estopped to assert to the contrary, even if its dismissal was factually erroneous. Thus, when Caruso served the summons and complaint on Anniston Star, Consolidated received notice of the suit by virtue of the "identity of interest," which exists between the two companies. "Identity of interest generally means parties are so closely related in their business operations or other activities institution of an action against one serves to provide notice of the allegations to the other." Kirk, v. Cronvich, 629 F.2d 404, 408 (5th Cir. 1980)(overruled on other grounds by a change in the Federal Rules of Civil Procedure) (citing 6 Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1499, at 517 (1972)). Obviously, a corporation that is the sole owner and operator of a newspaper is closely related enough to the business operations of its wholly owed newspaper that notice to the newspaper is sufficient notice to its owner. Itel Capital Corp. v. Cups Coal Co., Inc., 707 F.2d 1253, 1258 (11th Cir. 1983) ("As

97% owner...[defendant] was on notice as to the action when it was first filed...."). Thus the identity of interest between the two companies justifies a finding that Consolidated received notice of this lawsuit.

Consolidated also "knew or should have known" that Caruso would have explicitly named it in the original complaint had there not been a mistake regarding the identity of the employer. See F.R.Civ.P. 15(c)(3)(A). When plaintiff walked through the door of her employer the name over the door was not "Consolidated." Indeed, the defendants contributed to the confusion when they responded to Caruso's EEOC charge by describing Anniston Star as a "corporation" and failing even to mention Consolidated, much less specify actual ownership by the latter. Defendants further muddied the water when they answered the complaint by admitting that Anniston Star is a legal entity subject to suit under Title VII. See Montalvo, 426 F.2d at 1147.

Consequently, there is no question that Consolidated "will not be prejudiced in maintaining a defense on the merits." See F.R.Civ.P. 15(c)(3)(A). Consolidated has defended this suit from its inception, including answering interrogatories in its capacity as the owner of the Anniston Star. As the United States Supreme Court has recognized, "[t]he linchpin is notice," under

Rule 15(c)(3), rather than service. Schiavone v. Fortune, 477 U.S. 21, 31, 106 S. Ct. 2379, 2385 (1986). Actual notice is not required under Rule 15(c)(3), "informal, as well as formal, notice is sufficient." Kirk, 629 F.2d at 407 (citations omitted). The primary goal behind 15(c)(3) is to avoid prejudice to a defendant caused by "loss of evidence or by undue surprise," Id. at 408, while at the same time "prevent[ing] parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors...." F.R.Civ.P. 15 advisory committee's note. By recognizing the relation back of Caruso's amended complaint, this Court fulfills both the letter and the spirt of Rule 15(c)(3).

## III. Service of Process Under Rule 4(m)

Of course, by satisfying the notice provision of 15(c)(3), Caruso does not automatically satisfy the service of process requirements under Rule 4(m).[4] Hunt v. Department of the Air

---

[4] "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." F.R.Civ.P. 4(m).

Force, 29 F.3d 583, 588 (11th Cir. 1994). While Consolidated received notice of Caruso's claim, it was never actually served directly. Instead Caruso served Anniston Star, a purported non-legal entity. Plaintiff's failure to serve Consolidated directly is not fatal, however.

Rule 4(m) excuses failure to serve process if the plaintiff can show "good cause." Brown v. Nichols, 8 F.3d 770, 775 (11th Cir. 1993) (noting that dismissal is not mandatory unless there has been a showing that the plaintiff lacked good cause). Caruso meets the good cause test by showing that her failure to serve Consolidated was due to "factors outside [her] control." Zachery v. Thigpen, 895 F. Supp. 1472, 1474 (M.D. Ala. 1995); Gambino v. Village of Oakbrook, 164 F.R.D. 271, 274 (M.D. Fla. 1995). For example, where the defendant "conceals a defect in attempted service," the plaintiff may be able to show good cause. F.R.Civ.P. 4(m) advisory committee's note.

Given this standard, Caruso's failure to serve Consolidated directly is excused. Consolidated and Anniston Star, being one and the same and therefore "singular," and not the plaintiff, was the "direct cause" of the plaintiff's failure to effectuate service, if there was such a failure. See Zachery, 895 F. Supp. at 1476. Rather than answer Caruso's complaint by asserting a

defense based upon its purported status as a non-suable entity, Anniston Star admitted it was a legal entity capable of defending a suit under Title VII. Then after Caruso amended her complaint to explicitly name Consolidated, it defended the suit by attending a planning meeting, submitting a joint report from that meeting, taking depositions and answering interrogatories. Never once did Consolidated seek a motion to dismiss for insufficient service of process. Accordingly, Consolidated d/b/a The Anniston Star has waived its ability to find shelter under Rule 4(m). At this late hour, neither Consolidated, nor its alter ego Anniston Star, can escape defending this suit after it has "lulled plaintiff into believing that service had been accomplished." Zachery, 895 F. Supp. at 1474 (citing Ditkof v. Owens-Illinois, Inc., 114 F.R.D. 104, 105 (E.D. Mich. 1987) (cited with approval in the Rule 4(m) advisory committee's notes)).

Finally, this court notes that even if Caruso had been unable to show good cause, she could have refiled her amended complaint against Consolidated, which was dismissed without prejudice. Because the amended complaint related back to the date of her original pleading, she satisfied Title VII's statute of limitations. Therefore, nothing would have prevented her from refiling the present action against Consolidated, unless it was the 180 day statute of limitations, a factor that militates

against the harshness of a dismissal.

**Conclusion**

The June 27, 1997, dismissal of the action against Consolidated will be vacated by separate order and the present action restyled so as to identify the proper defendant as Consolidated Publishing Company, Inc., doing business as The Anniston Star.

DONE this 18th day of September, 1997.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT COURT